

O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| CHARLES AARON BROOKS,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. FERNANDEZ, et al.,<br><br>    Defendants. | Case No. EDCV 11-619-UA (MLG)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

## I. Introduction

On April 19, 2011, Plaintiff Charles Aaron Brooks, who was then an inmate at the Federal Correctional Institution-Victorville,[1] in Adelanto, California, lodged a complaint alleging civil rights violations under *Bivens v. Six Unknown Named Federal Narcotics Agents*, 403 U.S. 388 (1971). He also lodged a request for leave to commence the action without prepayment of fees. 28 U.S.C. § 1915(a)(1). On May 3, 2011, the Court denied the request to proceed without prepayment of fees, because Plaintiff had failed to make an adequate showing of indigency, had failed to authorize disbursements

---

[1] Plaintiff has since been transferred and is currently incarcerated in a federal prison in Tucson, Arizona.

from his prison trust account, and had failed to provide a certified copy of trust funds statement for the previous six months, as required by 28 U.S.C. § 1915(a)(2).

On July 18, 2011, Plaintiff filed a motion for reconsideration. As part of that motion, Plaintiff mistakenly asserts that the Court erred in dismissing the complaint for failure to state a claim upon which relief may be granted.[2] In addition, Plaintiff asserts that he is mentally ill. Finally, Plaintiff has attached the necessary documents required for consideration of the prepayment waiver under section 1915(a). Notwithstanding the filing of the appropriate documentation, the motion for reconsideration and for leave to file the action without prepayment of the filing fee shall be DENIED because Plaintiff has had three or more cases dismissed on the basis that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

28 U.S.C. § 1915(g) is commonly known as the "three strikes" provision of the Prison Litigation Reform Act of 1995 ("PLRA"). *Andrews v. King*, 398 F.3d 1113, 1116 n. 1 (9th Cir. 2005). Under section 1915(g), a prisoner may not proceed *in forma pauperis* after three or more actions filed by the prisoner while incarcerated have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. There is an exception to this prohibition when the prisoner is under imminent danger of serious physical injury. *Id.*

---

[2] The Court did not evaluate the merits of the complaint, but rather found that Plaintiff had not established his entitlement to file his complaint without prepayment of the filing fees.

In a previous case,[3] the Court conducted a nationwide search of the Public Access to Court Electronic Records (PACER) system, to determine whether Plaintiff was eligible to file the action without prepayment of the full filing fee. The Court's search revealed the following: In *Brooks v. Ludwig*, Case No. 05-5795-RK (E.D. Penn. 2005), District Judge Robert F. Kelly, noted that Plaintiff had, on three or more occasions, filed civil actions in federal court which were dismissed as frivolous or for failure to state a claim upon which relief may be granted. Leave to file without prepayment of a filing fee was denied. In *Brooks v. Haynes*, Case No. 5:06CV4 (N.D.W.Va. 2005), the Court dismissed a civil rights action for failure to state a claim upon which relief may be granted. In *Brooks v. DeLoach*, Case No. 06-3317 (10th Cir. 2007), an appeal was dismissed on the basis that it was frivolous. In *Brooks v. Spore*, Case No. 09-477-MSD-Tem, the United States District Court for the Eastern District of Virginia dismissed an action for failure to state a claim upon which relief could be granted. Indeed, at the time of the search, the Court counted at least 39 separate civil actions filed by Plaintiff since he has been incarcerated.

The Ninth Circuit has repeatedly held that section 1915(g) is constitutional, because "deterring frivolous lawsuits is rationally related to a legitimate government interest." *O'Neal v. Price*, 531 F.3d 1146, 1153-54 (9th Cir. 2008); *Andrews*, 398 F.3d at 1123; *Rodriguez*, 169 F.3d at 1180. "Filing an action [in forma pauperis under section 1915] is a privilege, not a right." *Id.* (Fernandez, J., concurring in part and dissenting in part). *See also Lewis v.*

---

[3] *Brooks v. Fernandez*, Case No. EDCV 10-00423-R (MLG).

*Sullivan*, 279 F.3d 526, 530 (7th Cir. 2002)(listing seven ways that prisoners can vindicate a claim outside the restraints of section 1915(g)). Enforcement of section 1915(g) would not violate Plaintiff's constitutional rights.

Plaintiff has also not demonstrated that he is under imminent danger of serious physical injury. Plaintiff's lawsuit alleges a series of fanciful claims of assault and misconduct in 2009 and 2010 by numerous BOP employees who are employed at FCI-Victorville.[4] To the extent that the alleged assaults took place in FCI-Victorville in 2009 and 2010, he is clearly not under imminent danger, given that he is currently incarcerated in a prison facility in Arizona, in the custody of different corrections officials.

**III. Conclusion**

For the aforementioned reasons, it is ORDERED that the motion for reconsideration be DENIED.

Dated: August 5, 2011

*Audrey B. Collins*
Audrey B. Collins
Chief United States District Judge

Presented By:

*Marc L. Goldman*
Marc L. Goldman
United States Magistrate Judge

---

[4] This is the same claim he has raised in numerous lawsuits across the country, regardless of the institution in which he was incarcerated.